**In re SCHAURER AGRICULTURAL ENTERPRISES, Debtor.**

**Bankruptcy No. 3–87–00905.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 8, 1988.

Steven R. Fansler, West Liberty, Ohio, trustee.

David M. Martin, Springfield, Ohio, for debtors.

### DECISION AND ORDER DENYING MOTION FOR DISMISSAL

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion to dismiss filed by the trustee, supported by memorandum, and the opposing memorandum of debtor. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), matters concerning the administration of the estate.

The issue presented to the court for resolution is the eligibility of Schaurer Agricultural Enterprises, a partnership, to file and maintain a bankruptcy case under chapter 12 of the Bankruptcy Code. To reach the decision, the court has been directed to 11 U.S.C. § 101(17) which reads as follows:

(17) "family farmer" means—

(A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse,

and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed; or

(B) corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the farming operation, and

(i) more than 80 percent of the value of its assets consists of assets related to the farming operation;

(ii) its aggregate debts do not exceed $1,500,000 and not less than 80 percent of its aggregate noncontingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership; and

(iii) if such corporation issues stock, such stock is not publicly traded.

## FACTS

The pertinent facts in this case were developed by the evidence presented at the hearing, the schedules of the debtor and proofs of claims. On March 13, 1979 Claude Schaurer and Joseph D. Schaurer, who are brothers, formed a partnership under the name Schaurer Agricultural Enterprises at about the time they borrowed $183,500 and mortgaged a 63.68 acre farm to Farmers Home Administration (FmHA). On June 29, 1978 the two Schaurers and Paulette M. Schaurer, wife of Joseph D. Schaurer, borrowed $372,300 and $27,200 from FmHA. In 1973 Claude H. Schaurer had borrowed from Federal Land Bank against a sixty-five (65) acre tract in Darke County, Ohio upon which he later granted a second mortgage to FmHA. Claude Schaurer and Joseph Schaurer contracted other debts in the farming operation over the next several years which are itemized in Schedule A–3 of the bankruptcy petition.

## DECISION

■ A careful reading of 11 U.S.C. § 101(17) leads this court to the conclusion that Congress intended that a farming operation owned by several individuals in the same family is eligible for the relief of chapter 12. Subparagraph (A) of the section provides the requirements for an individual or individual and spouse to qualify as a "family farmer" and, thereby, for eligibility pursuant to 11 U.S.C. § 109(f) for relief under chapter 12 of the Bankruptcy Code. Subparagraph (B) sets out the requirements for a corporation or partnership to qualify for such eligibility. For a partnership to qualify as a "family farmer," (1) more than 50 percent of the equity must be held by one family or by one family and the relatives of the members of such family; (2) such family or such relatives must conduct the farming operation; (3) more than 80 percent of the value of the partnership assets must consist of farming operation related assets and (4) the aggregate debts of the partnership do not exceed $1,500,000 and not less than 80 percent of the partnership's aggregate noncontingent, liquidated debts arise out of the farming operation owned or operated by such partnership.

■ Schaurer Agricultural Enterprises satisfies the requirements of a "family farmer" pursuant to 11 U.S.C. § 101(17)(B). The partners are in one family or are relatives of the members of that family since Joseph Schaurer is the operator and Claude Schaurer, his brother and former operator, owns 50 percent of the equity. The balance of the equity of the partnership is owned by Joseph Schaurer. Although the tracts of land are owned in individual or joint names, the partnership farming business is conducted with farming equipment itemized in Exhibit A of the partnership agreement. All the partnership assets are related to the farming operation.

The aggregate debts of Schaurer Agricultural Enterprises as scheduled are $1,085,786.07. The schedules which have not been challenged reflect aggregate debts of more than 80 percent arising out of the farming operation of the partnership.

Schaurer Agricultural Enterprises is a partnership which meets the elements recited in 11 U.S.C. § 101(17)(B) and is a "family farmer" as thus defined. A partnership is not required to meet all of the eligibility requirements stated in subparagraph (A) of such section of the Code which identifies the elements required for an individual or individual and spouse engaged in a farming operation. Unlike a partnership, an individual or individual and spouse must establish that more than 50 percent of such individual's income or such individual and spouse's gross income for the preceding taxable year is derived from the farming operation. The section evidences Congress' intent to protect the "family farmer" entity in which one or a small number of the entire family is engaged in the farming operation while other members of the family have ownership but substantial other non-farm income to sustain themselves.

The court's scrutiny and analysis of all of the documents of the case file reveals that the real estate assets upon which the partnership relies are held in individual or joint names of the partners who have not filed a bankruptcy case.

The Court is unable to rule on whether the tracts of real estate are partnership assets or separate assets of the individuals. That issue was not addressed at the hearing on the motion to dismiss.

The trustee has expressed a concern about the feasibility of any plan having the anticipated effect which the partners of Schaurer Agricultural Enterprises may expect. The nature of chapter 12 provides relief for the partnership but not for the individual partners who have not filed for relief. Recognizing the concerns of the trustee, the court finds that the debtor should be required to deposit $400 with the trustee at the time a plan is filed herein as assurance that a portion of administrative expenses will be paid.

In addition testimony at the hearing revealed that the schedules are inadequate and incorrect. For example, the schedules list several tracts of land as assets of the partnership, yet Joseph Schaurer testified that the partnership owns no real estate. Only the assets and liabilities of the *partnership*, not those of the individuals composing the partnership, are to be listed on the bankruptcy schedules of the partnership. Also, any debts or assets of Paulette Schaurer are not related to the partnership's filing.

Finally, the court notes that a voluntary petition may be filed on behalf of the partnership by one or more general partners if *all* general partners *consent* to the filing of the petition. Bankr.R. 1004(a). Because the petition is signed by Joseph Schaurer only, the written consent of Claude Schaurer must be filed with this court. Amended schedules and the consent of Claude Schaurer must be filed with this court within 15 days or the petition will be subject to dismissal.

For all of the reasons stated above the Motion for Dismissal is DENIED. The debtor is granted thirty (30) days within which to file its plan under chapter 12. In addition the debtor shall deposit the sum of $400 with the chapter 12 trustee upon the filing of the chapter 12 plan to assure payment of part of administrative expenses of the case.

IT IS SO ORDERED.